LAW OFFICES

# JOEL D. ROSEN, ESQ.

Joel D. Rosen, Esq., LLC
Admitted to New Jersey, Pennsylvania, Massachusetts Bars

Windsor Business Park, Building 4B, Second Floor
186 Princeton-Hightstown Road (CR 571)  ■  West Windsor, New Jersey 08550
Postal Mail: P.O. Box 7004, Princeton, NJ 08543
Telephone (609) 799-5390  ■  Telecopier (609) 799-5391
e-mail: jdrlaw@verizon.net

---

June 24, 2010

Honorable Frieda L. Wolfson, U.S.D.J.         VIA ECF
United States District Court
Clarkson S. Fisher Building & U.S. Courthouse
402 E. State Street
Trenton, NJ 08608

        RE:    Sheet Metal Workers' International Association
               Local Union 27 v. Main Line Mechanical, Inc.
               and Leonard Santos, U.S.D.C., D.N.J.,
               Docket No.  10-cv-01873-FLW

               Defendants' Sur-Reply Brief in Opposition to
               Petition to Confirm Arbitration Award

Dear Judge Wolfson:

    Pursuant to the Court's direction, this letter brief is submitted on behalf of defendants as a sur-reply in further opposition to the Petition and Motion to Confirm Arbitration Award. Defendants are also

JOEL D. ROSEN, ESQ.

Honorable Frieda L. Wolfson, U.S.D.J.
June 24, 2010

Page 2

submitting herewith a Notice of Cross-Motion to vacate the arbitration award for the reasons set forth in defendants' opposing papers.

In two lengthy and tortuously reasoned submissions, the plaintiff has finally disclosed its legal theory in support of the arbitration. [1] According to the plaintiff, the accession of Main Line Mechanical, Inc. to the Collective Bargaining Agreement of Sheet Metal Workers International Association Local Union No.19 binds Main Line to arbitration with any other local union, before the arbitration tribunal of that other union's choice, whether or not Main Line has ever seen that other local union's contract, or has ever set foot in that other local union's jurisdiction. Clearly, Local 27's supposition is overbroad.

Local 27's invocation of the "traveling contractor" rule makes no sense, as this provision of Local 19's contract is clearly for the benefit

---

[1] The proceedings before the Joint Adjustment Board are properly designated as and understood to be an arbitration. General Drivers, Warehousemen and Helpers, Local Union No. 89 v. Riss and Company, Inc., 372 U.S. 517, 83 S.Ct. 789 (1963).

JOEL D. ROSEN, ESQ.

Honorable Frieda L. Wolfson, U.S.D.J.
June 24, 2010

Page 3

of members of Local 19. The plaintiff argues that the facts in this case are essentially identical to those in McKinstry Co. v. Sheet Metal International Association Local Union No.16 , 859 F.2d1382 (9th Circuit 1988), but there is no factual similarity whatsoever.

Moreover, the invocation of arbitration jurisdiction by Local 27 against Main Line relies upon assuming a jurisdictional fact beforehand, and purporting to prove it later as a substantive conclusion. Without indulging in the assumption that Main Line and Sands are one and the same, arbitration jurisdiction over Main Line could never exist.

Main Line was never present in Local 27's jurisdiction. It had no contract at Fort Dix and didn't work there. It employed no labor. It had no subcontract with any other company. There is no basis for any party bringing Main Line before any arbitral tribunal in connection with any grievance regarding the Fort Dix job.

Whether there is arbitration jurisdiction is a question for the Court. In this regard, it is necessary to recognize that the terminology

JOEL D. ROSEN, ESQ.

Honorable Frieda L. Wolfson, U.S.D.J.
June 24, 2010

Page 4

appearing in plaintiff's papers, "alter ego" (which is frequently employed as a legal term denoting companies utilizing a sham identity), is not the same as (and in fact is significantly broader than) the definition of prohibited acts found in Article II, Section 12 of the Local 19 Collective Bargaining Agreement, and the corresponding provision of the Local 27 Collective Bargaining Agreement. Each of these CBA's prohibits the "setting up of another business to do work covered by this Agreement". This is the substantive issue upon which the arbitrators' may rule if it is found they have jurisdiction. The plaintiff's loose invocation of the "alter ego" legal fiction [2] is misleading, as it conceals the fact that the jurisdictional determination is qualitatively different and distinct in this case from the subject

---

[2] "See H. Maine, Ancient Law 25-26 (1861). A legal fiction conceals or tends to conceal the fact that a rule of law has undergone alteration, its letter remaining unchanged, its operation being modified."

American Enka Co. v. Wicaco Mach. Corp., 686 F.2d 1050, 1056, fn. 3 (3rd Cir.1982) (Aldisert, C.J.).

JOEL D. ROSEN, ESQ.

Honorable Frieda L. Wolfson, U.S.D.J.
June 24, 2010

Page 5

matter – the contractual issue – upon which the arbitral tribunal is supposed to make its determination.

Accordingly, defendants request that the Court deny confirmation of the award, and vacate the award.

Respectfully yours,

/s Joel D. Rosen
Joel D. Rosen, Esq.
Attorney for Defendants,
Main Line Mechanical, Inc.
and Leonard Santos

Cc.: Steven J. Bushinsky, Esq. (via ECF)